NOT DESIGNATED FOR PUBLICATION

No. 119,291

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MARCUS B. WASHINGTON,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed September 13, 2019. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*David Greenwald*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., MALONE, J., and STEVEN E. JOHNSON, District Judge, assigned.

PER CURIAM: Marcus B. Washington appeals the district court's denial of his third K.S.A. 60-1507 motion. After review, we find Washington's motion was both successive and untimely and affirm the district court.

FACTUAL AND PROCEDURAL BACKGROUND

On October 20, 2000, a jury found Washington guilty of first-degree murder and criminal in possession of a firearm. On April 11, 2001, he was sentenced to a life

1

sentence without the possibility of parole for 50 years for the murder conviction and 18 months' imprisonment for the unlawful possession of a firearm conviction, with the sentences to run concurrent. Washington filed a direct appeal. The Kansas Supreme Court affirmed his convictions but remanded the case for resentencing on the basis of ineffective assistance of counsel during the sentencing phase. *State v. Washington*, 275 Kan. 644, 676-80, 682, 68 P.3d 134 (2003) (*Washington I*).

Washington was resentenced on October 3, 2003, to the same sentence previously imposed. On October 8, 2003, Washington filed a notice of appeal. The Kansas Supreme Court affirmed his sentence. *State v. Washington*, 280 Kan. 565, 123 P.3d 1265 (2005), *cert. denied* 549 U.S. 1018 (2006) (*Washington II*).

In 2005, Washington filed his first K.S.A. 60-1507 motion, a copy of which is not in the record on appeal. Based on an opinion by another panel of this court, Washington's first 60-1507 motion asserted:

> "(1) the legislature's failure to define, and the Supreme Court's act of defining, the element of premeditation violates the separation of powers doctrine; (2) Kansas case law on premeditation denies him equal protection and due process; (3) the district court's refusal to properly instruct on the burden of proof regarding self-defense denied him due process and a fair trial; (4) the district court committed error that was not harmless when it answered a jury question in his absence in violation of K.S.A. 22-3405(1), K.S.A. 22-3420(3), the Sixth Amendment, and the Fourteenth Amendment; and (5) the content of the district court's response to the jury's question on premeditation was inadequate." *State v. Washington*, No. 100,657, 2009 WL 3082582, at *1 (Kan. App. 2009) (unpublished opinion) (*Washington III*).

After a preliminary hearing the district court denied his motion. Another panel of our court affirmed that dismissal. 2009 WL 3082582, at *8.

In 2011, Washington filed a second K.S.A. 60-1507 motion, a copy of which does not appear in the record on appeal. In his motion, he reasserted his prior self-defense jury instruction issue and argued that his appellate counsel was ineffective for failing to raise it in his direct appeal. The district court summarily denied this motion; our court affirmed the denial, holding that the jury instructions correctly instructed the jury on the state of the law. *Washington v. State*, No. 107,643, 2013 WL 5925896, at *2-3 (Kan. App. 2013) (unpublished opinion) (*Washington IV*).

Washington filed his third—and current—K.S.A. 60-1507 motion on August 4, 2015. In his motion he argues for relief: (1) based on an intervening change in the self-defense statute; (2) due to an amendment of K.S.A. 22-3420 he is entitled to a new trial because of how the trial court handled a question from the jury; and (3) the imposition of a hard 50 sentence was a violation of his due process rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Washington's motion also raised a request for DNA testing.

On February 5, 2016, the district court summarily denied Washington's third 60-1507 petition. The district court denied the three claims, then it construed the final claim as a request for DNA testing under K.S.A. 2015 Supp. 21-2512 and removed this request from the 60-1507 proceeding. On September 14, 2017, Washington filed a notice of appeal. Our court's motions panel issued an order to show cause as to why the case should not be dismissed for lack of jurisdiction. After responses from the parties, we retained jurisdiction.

DID THE DISTRICT COURT ERR IN SUMMARILY DENYING
WASHINGTON'S K.S.A. 60-1507 MOTION?

On appeal, Washington argues that the district court erred in summarily denying his K.S.A. 60-1507 motion. Specifically, he argues that under *Vontress v. State*, 299 Kan.

607, 325 P.3d 1114 (2014), his motion raises substantial issues of law or fact deserving consideration. He also argues an intervening change in the law requires consideration of the merits of his motion. In response, the State argues that Washington's motion is both untimely and successive.

When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015). We will make that de novo review.

A.      *Was Washington's 60-1507 Motion Successive?*

In a K.S.A. 60-1507 proceeding, the district court need not entertain a second or successive motion for similar relief on behalf of the same prisoner. *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013) (citing K.S.A. 60-1507[c]). "A movant in a K.S.A. 60-1507 motion is presumed to have listed all grounds for relief, and a subsequent motion need not be considered in the absence of a showing of circumstances justifying the original failure to list a ground." 296 Kan. 898, Syl. ¶ 2; see Supreme Court Rule 183(d) (2019 Kan. S. Ct. R. 228). Courts may dismiss a successive K.S.A. 60-1507 motion as an abuse of the remedy. *State v. Mitchell*, 284 Kan. 374, 379, 162 P.3d 18 (2007). Additionally, a K.S.A. 60-1507 motion may not typically be used as a substitute for a direct appeal or for a second appeal. See *State v. Kelly*, 291 Kan. 868, 872, 248 P.3d 1282 (2011).

Washington has filed two prior postconviction motions for relief under K.S.A. 60-1507, which would normally result in dismissal of this successive motion. However, Washington asserts there are exceptional circumstances that prevent dismissal of this successive motion. "Exceptional circumstances are unusual events or intervening changes

4

in the law that prevented the defendant from raising the issue in a preceding 60-1507 motion." *Mitchell*, 284 Kan. at 379.

Washington first argues that the 2006 and 2010 amendments to the self-defense statutory scheme apply retroactively to his case and create an exceptional circumstance because they are intervening changes in the law. See K.S.A. 2018 Supp. 21-5220, 21-5230. Washington acknowledges that he raised this issue in a previous K.S.A. 60-1507 motion and that a prior panel of our court found the argument meritless. See *Washington IV*, 2013 WL 5925896, at *2. Washington provides no indication that there has been an amendment to the law creating an exceptional circumstance on this issue since his last K.S.A. 60-1507 motion. We therefore find this issue is successive and there are no exceptional circumstances that prevent dismissal of this motion on this issue.

Second, Washington argues that due to an amendment of K.S.A. 2018 Supp. 22-3420, he is entitled to a new trial because of how the trial court handled a question from the jury. After the case had been submitted to the jury, the jury submitted a question to the district court. Washington was not present with his attorney during the discussion of the jury's question or when the district court provided its answer. The *Washington I* panel also addressed this issue, finding that while Washington was not entitled to be present when the district court considered the jury's question on premeditation, he was entitled to be present under K.S.A. 22-3420(3) when the district court submitted its response to the jury. Applying *State v. Brown*, 272 Kan. 809, 37 P.3d 31 (2001), and *State v. Bell*, 266 Kan. 896, 975 P.2d 239, *cert. denied* 528 U.S. 905 (1999), the panel found that Washington's absence was error, but the error was harmless. 2009 WL 3082582, at *7-8.

Washington argues in his current 60-1507 motion that the Legislature's amendments to K.S.A. 22-3420 since his last 60-1507 motion indicate the prior panel's reliance on *Bell* and *Brown* was misplaced.

At the time of Washington's trial, K.S.A. 22-3420(3) read:

"After the jury has retired for deliberation, if they desire to be informed as to any part of the law or evidence arising in the case, they may request the officer to conduct them to the court, where the information on the point of the law shall be given, or the evidence shall be read or exhibited to them in the presence of the defendant, unless he voluntarily absents himself, and his counsel and after notice to the prosecuting attorney."

In 2014, the Legislature amended K.S.A. 22-3420. In pertinent part, the amended version reads:

"The jury shall be instructed that any question it wishes to ask the court about the instructions or evidence should be signed, dated and submitted in writing to the bailiff. The court shall notify the parties of the contents of the questions and provide them an opportunity to discuss an appropriate response. The defendant must be present during the discussion of such written questions, unless such presence is waived. The court shall respond to all questions from a deliberating jury in open court or in writing. In its discretion, the court may grant a jury's request to rehear testimony. The defendant must be present during any response if given in open court, unless such presence is waived. Written questions from the jury, the court's response and any objections thereto shall be made a part of the record." K.S.A. 2018 Supp. 22-3420(d).

The Legislature also classified the amendments to the section as "a procedural rule, and as such shall be construed and applied retroactively." K.S.A. 2018 Supp. 22-3420(f). Washington argues that because these amendments apply retroactively, his constitutional rights were violated when he was not present for the discussion of the jury's question regarding premeditation and that this intervening change in the law excuses his K.S.A. 60-1507 motion's successiveness. Assuming without deciding that the Legislature truly intended for convictions like Washington's—now nearly 20 years old—to be subject to new attack, we find Washington's second argument is still without merit.

6

Disregarding the prior panel's reasoning and reliance on the preamendment cases of *Brown* and *Bell* and assuming Washington's absence from the discussion regarding the jury's question was error, as found by the prior panel, we still apply the federal constitutional harmless error standard from *Chapman v. California*, 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705, *reh. denied* 386 U.S. 987 (1967), to determine if the error requires us to reverse Washington's convictions as the prior panel did. See *State v. Herbel*, 296 Kan. 1101, 1110, 299 P.3d 292 (2013). Again, Washington provides no indication here that an amendment to the law creating an exceptional circumstance on the harmless error issue has occurred since his last K.S.A. 60-1507 motion. Under this standard,

> "error may be declared harmless where the party benefitting from the error proves beyond a reasonable doubt that the error complained of will not or did not affect the outcome of the trial in light of the entire record, *i.e.*, where there is no reasonable possibility that the error contributed to the verdict." *State v. Ward*, 292 Kan. 541, Syl. ¶ 6, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012).

In our review, as was done by the prior panels, we use four factors to determine whether the district court's error requires reversal: (1) the overall strength of the prosecution's case; (2) whether an objection was lodged to the improper communication; (3) whether the communication concerned a critical aspect of the trial or rather involved an innocuous and insignificant matter, and the manner in which it was conveyed to the jury; and (4) the ability of the posttrial remedy to mitigate the constitutional error. *State v. Verser*, 299 Kan. 776, 789-90, 326 P.3d 1046 (2014); *State v. McGinnes*, 266 Kan. 121, 132, 967 P.2d 763 (1998). We examine these factors in turn.

Under the first factor, we find that the prosecution's case was strong. In fact, the sufficiency of the evidence was examined in *Washington I*, and the Kansas Supreme Court held that there was sufficient evidence to support Washington's conviction of first-degree premeditated murder. See 275 Kan. at 675-76. Therefore, recitation of the

7

evidence at this junction is unnecessary. This factor weighs in favor of finding that the error was harmless.

With regard to the second factor, Washington did not lodge an objection below. Counsel specifically stated when asked, "No objection." Counsel also did not object to Washington's absence. This factor also weighs in favor of harmless error.

As to the third factor, questions from the jury have been deemed a critical aspect of the trial. See *Verser*, 299 Kan. at 787-88. However, here, the district court did not communicate any new information to the jury. The district court told the jury to follow the instructions it had already been given, and the Kansas Supreme Court found the premeditation jury instruction was proper. *Washington I*, 275 Kan. at 676. The jury received no new information regarding premeditation, and the information the jury relied on was held to be a correct statement of the law. Also, whether Washington acted with premeditation was not the key issue at his trial. Washington admitted his involvement in the shooting and tied his premeditation argument to the assumption that his actions were a result of his suffering from PTSD—a claim the jury clearly rejected. *Washington I*, 275 Kan. at 676. This factor also weighs in favor of harmless error.

Regarding the fourth factor, without objection or a posttrial motion before the district court, the only remedy still available is reversal.

We conclude that there was no reasonable possibility that Washington's absence from the discussion of the question from the jury contributed to his guilty verdict. None of the harmless factors considered weigh in favor of Washington. The jury received no new information from the answer to its question. The error was harmless, and we find the intervening change in the law does not defeat the successiveness of Washington's K.S.A. 60-1507 motion.

Finally, Washington argues the imposition of a hard 50 sentence was a violation of his due process rights under *Apprendi*, 530 U.S. 466. This issue also was previously raised and decided in *Washington II*, 280 Kan. at 574-75.

Therefore, we find Washington's current 60-1507 motion is successive.

B.      *Was Washington's 60-1507 motion untimely?*

A defendant has one year from when a conviction becomes final to file a motion under K.S.A. 60-1507(a). K.S.A. 2018 Supp. 60-1507(f)(1). The one-year time limitation may be extended by the district court only to prevent a manifest injustice. K.S.A. 2018 Supp. 60-1507(f)(2). The Legislature amended K.S.A. 60-1507(f)(2) effective July 1, 2016; however, this amended statute does not apply retroactively to K.S.A. 60-1507 motions filed before July 1, 2016. *White v. State*, 308 Kan. 491, Syl. ¶ 1, 421 P.3d 718 (2018).

Washington's current K.S.A. 60-1507 motion was filed in August 2015, so the new standard of manifest injustice is not applicable. Rather, in this case, manifest injustice must be determined from the totality of the circumstances. See *Vontress*, 299 Kan. at 616. In determining whether manifest injustice exists, the court should consider this non-exhaustive list of factors:  (1) whether the movant provides persuasive reasons or circumstances that prevented him or her from filing the 60-1507 motion within the time limitation; (2) whether the merits of the movant's claims raise substantial issues of law or fact deserving the district court's consideration; and (3) whether the movant sets forth a colorable claim of actual innocence, i.e., factual, not legal, innocence. 299 Kan. 607, Syl. ¶ 8.

Here, Washington only argues the second factor is applicable to him. However, as discussed, Washington's claims do not raise substantial issues of law or fact deserving the

district court's consideration. Therefore, Washington's third K.S.A. 60-1507 motion is also untimely.

The district court did not err in summarily denying Washington's motion as successive and untimely.

Affirmed.